UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD N TAWE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-28 |
| | § | |
| SUSANNA CORBETT, *et al*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION TO DENY MOTIONS FOR RELIEF FROM JUDGMENT AND FOR DAMGAES

On March 1, 2018, final judgment dismissing Plaintiff's § 1983 lawsuit was entered (D.E. 27). Plaintiff did not appeal. On March 5, 2019, Plaintiff filed a motion for relief from judgment and for damages (D.E. 30). Defendants filed their response in opposition on March 26, 2019 (D.E. 31). It is respectfully recommended that the motion be DENIED.

### Motion for Relief from Judgment

A motion that challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Rule 59 or a motion for relief from judgment under Rule 60(b). *Ford v. Elsbury,* 32 F.3d 931, 937 n. 7 (5th Cir. 1994). If the motion is filed within twenty-eight (28) days of entry of judgment the motion falls under Rule 59. *Id.* If it is filed after that, it falls under Rule 60(b). *Id.* In this case, final judgment was entered on March 1st of last year; therefore the motion will be construed as a motion for relief from judgment pursuant to FED. R. CIV. P. 60(b).

Rule 60(b), Federal Rules of Civil Procedure, states in pertinent part:

(b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

  (1)  mistake, inadvertence, surprise, or excusable neglect;
  (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
  (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
  (4)  the judgment is void;
  (5)  the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
  (6)  any other reason that justifies relief.

FED. R. CIV. P. 60(b). Final judgments should not be lightly disturbed. *In re Marinez*, 589 F.3d 772, 776-77 (5th Cir. 2009). For reasons one, two, or three above, the motion must be made no more than a year after entry of the judgment or order or the date of the proceeding. FED. R. CIV. P. 60(c)(1).

Plaintiff has not stated any specific grounds for relief. Assuming for the moment that Plaintiff is urging relief from the judgment pursuant to Rule 60(b)(1), (2), or (3), he has not set forth any new evidence that was unknown to him at the time he filed his lawsuit or that was or could have been discovered. Plaintiff only repeats his earlier allegations. He set forth no new evidence. Nor did Plaintiff cite to any mistake, inadvertence, surprise, excusable neglect, or fraud. There is also no argument that the judgment is void or has been satisfied.

The only remaining subsection of Rule 60(b) is subsection six "any other reason that justifies relief." Relief under Rule 60(b)(6) is available only in "extraordinary circumstances." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). Plaintiff has cited none, and Rule 60(b)(6) cannot be utilized as a substitute for appeal. *Id.* Plaintiff's motions for relief from judgment and for damages (D.E. 31) should be denied.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Plaintiff's motions for relief from judgment and for damages (D.E. 30) be DENIED.

Submitted this 2nd day of May, 2019.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).